3:20-cv-00974

-FILED-

FEB 01 2021

At _____ M
ROBERT N. TROGVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

Add this evidence and three more defendant's

| Defendant's Name and Job title | 1. Work Address |
|---|---|
| 2. united states Magistrate Judge Michael G. Gotsch | united states District court Northern District of Indiana |
| 2. Joel Gabrielse Assistant united States Attorney | 204 S. Main Street South Bend, IN 46601 |
| 3. confidential informant | 2. Attorney's office Northern District of Indiana |

1. I feel this is a conflict of interest united states Magistrate Judge Michael G. Gotsch granted the illegal procedures that was used against me. criminal activity not connected to the location on the search warrant and charging the visitor with the home owner illegal belongings which is a violation of due process also I was never charged with the criminal activity that was not connected to the location that was used to grant the search warrant and this is not probable cause and there are common sense errors and my rights are being overlook which is a malicious and negligence act against me ⬛ by Michael G Gotsch

2. It was multiple suspects mention in the Affidant's and the arrest and search warrant but I was the only one arrested this is discrimination and the victim Terrell Lee never mention nothing to be found at that location and gave the wrong address this is not probable cause and these are common sense errors and my rights are being overlook which is a malicious and negligence act against me by Michael G Gotsch also I was never charged with this ⬛ offense ⬛ probable cause was found on.

3. The (C.I) Stated I distributed from that location but he never stated no criminal activity took place between me and him at the location and the affidavit. This is contradicting and a false accusation against me there no facts, this is defamtion of character and no probable cause and case 3:20-MJ-52 was drop I will like the name of the (C.I) and his address for I can suit him for defamtion of character & Kyle Learch have this information

4. Kyle Learch failure to set forth any facts in the Affidavit, amount of drugs or time, or date or how much money was used in the controlled buy to even establish probable cause also this controlled buy is not connected to the location case 3:20-MJ-52 was drop this is not probable cause

5. The probable cause affidavit was drop ~~████████~~ which was case number 3:20-MJ-52 MGG and I was indict on case number 3:20-cr-46 that had no probable cause by Joel Gabrielse Asistant united states Attorney. These are common sense errors and my rights was overlook which is malicous and negligence act against me

Whole been fabricating my paper work and
the controlled buy stated and the affidavit for the
arrest warrant that the controlled substances field-tested
positive for heroin and probable cause was found on heroin.

I recived ⬛ Report number 2 investigation number 772075-20-0088
it stated the controlled substances and the controlled buy
field-tested positive for heroin and fentanyl but report number 2
was created on 6/4/2020 which is proof of the fabricating
it state in the report number 3 that the controlled buy
took place on 5/27/2020 But report number 3 was created
after report number 2 which ⬛ was after the 6/4/2020
which the affidavit was filed on 6/2/2020

look at page 1 and 2 of fabricating also it state
in Report number 2 investigation number 772075-20-0088
a. Inventory Item #1 - Square tablets weighed approximately
3.6 grams and in the report of Drug Enforcement Administration
it stated the square tablets went from the approximate
weigh of 3.6 gram to 42 grams look at page 3 and 4
of fabricating.

O

### *The Investigation*

The information contained in this affidavit was developed during a multi-agency investigation. The information was either developed by or provided to the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Project Disarm Task Force by other law enforcement officers during this investigation. All matters described below occurred in the Northern District of Indiana.

*The (CI) never stated if he seen the guns on the inside or the outside of the mobile home or the (CI) never stated there was something inside the home.*

1.  In March 2020, I learned from a confidential informant (CI) that a subject named Terrell DISMUKES was an armed drug trafficker who was distributing heroin and crack cocaine. The informant advised that DISMUKES stays at multiple locations; however DISMUKES distributes controlled substances from a mobile home located at 1001 S. Mayflower Rd, Lot 85, South Bend, Indiana. The CI has observed DISMUKES at that mobile home with an AR-15 style rifle and a pistol. The CI also reported that DISMUKES has discussed firearms, and has indicated that he owns firearms. This CI has been found to be truthful and accurate, and has provided accurate information in other unrelated investigations as well.

2.  In March 2020, agents began surveillance in the area and observed DISMUKES arrive and leave the address of 1001 S. Mayflower Rd, Lot 85 multiple times. Agents observed DISMUKES exit the residence and leave in a silver Ford Focus.

*The (CI) Stated I distributed from that location and he never stated no criminal activity took place between me and him at the location and the affidavit. This is contradicting and a false accusation against me there no facts this is defamtion of character and no Probable cause and case 3:20-MJ-512 was drop I will like The name of the (CI) and his address for I can suit him for defamtion of character Kyle Leurch have this information*

3

*Judge Michael G, Gotsch granted the illegal procedures that were used against one. criminal activity not connected to the location on the search warrant, and charging the visitor with the home owner illegal belongings which is*

3.       Between May 18 – June 1, 2020, agents monitored while the CI made contact with DISMUKES via phone to 574-404-0370.  DISMUKES agreed to sell heroin to the CI.  On the day of the transaction, agents conducting surveillance observed DISMUKES exit 1001 S. Mayflower Rd, Lot 85, enter the silver Ford and drive to the meeting location.  DISMUKES then sold the CI heroin and the CI provided DISMUKES with cash.  After the transaction was complete, agents observed DISMUKES leave the transaction location in the silver Ford and return to the mobile home, where DISMUKES entered the front door.

*Kyle Learch failure to set forth any facts in the Affidavit, amount of drugs, of time or date of how much money was used in the controlled buy to even establish probable cause  also this controlled buy is not connected to the location case 3:20 MO-52 eaves drop this is not probable cause*

*Page 1 of fabricating*

4.      I have training and experience conducting field-tests of suspected controlled substances. I field-tested the substance sold to the CI, and received a positive indication for the presence of heroin in the substance.

5.       During the very early morning hours of May 31, 2020, South Bend Police met with a severely injured man named Terrell Lee.  Mr. Lee reported that he had been assaulted by three men.  He said that he had been beaten, pistol-whipped, and burned.  He named Terrell DISMUKES as one of his assailants.  Mr. Lee was transported to a local hospital and treated.

6.       Mr. Lee admitted that he sells drugs for the three suspects, and that the assault was based on an accusation that he had stolen money from them.  He reported that part of the violence occurred at a white mobile home in Country Side Village (1001 S. Mayflower Road, South Bend).  He told police that there was a silver Ford Focus and a black Chrysler 300 parked out

*Part 2 of fabrication*

| Title of Investigation: DISMUKES, Terrell | Investigation Number: 772075-20-0088 | Report Number: 3 |
|---|---|---|

Surveillance observed DISMUKES exit the residence of 1001 S. Mayflower Rd Lot 85 at approximately 19:45 hours and enter a silver Ford Focus bearing license plate ADC788.  Surveillance then followed DISMUKES from the residence to the meet location with the CI and S/A ████.  Surveillance observed DISMUKES arrive at the meet location at approximately 1950hours, exit the silver Ford and enter the back of the ATF UC vehicle.  Shortly after, surveillance observed DISMUKES exit the ATF UC vehicle, return to the silver Ford and then drive back to 1001 S. Mayflower Rd Lot 85 where DISMUKES entered the residence.

6. S/A UC ████ drove the CI back to the meet location. The CI provided SA ████ with a plastic baggie containing a grey rock like substance.  The substance was later weighed and field tested by SA Lerch.  The substance weighed in at 1.7 grams and field tested positive for heroin and fentanyl.

7. Once at the predetermined meet location, the CI was searched again by investigators with negative results. SA Lerch then debriefed the CI.

8. The CI stated once the CI and S/A ████ arrived to the meet location they waited for a short time before DISMUKES arrived.  The CI stated DISMUKES entered the ATF UC vehicle greeted the CI and S/A UC ████ and provided the CI with a clear plastic baggie containing what the CI suspected to be heroin.

9. The CI stated DISMUKES discussed firearms with the CI however DISMUKES refused to sell the CI a firearm right then.  The CI stated DISMUKES said he had guns but he wasn't willing to sell at the current time.  The CI advised he provide the DISMUKES with the $120.00 that SA Lerch provided the CI with.

10. The drugs were placed into ATF Evidence.

**ATTACHMENTS:**

ATF Property Summary Reports

ATF EF 3120.2 (10-2004)
For Official Use Only

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Report of Investigation**

| Title of Investigation: DISMUKES, Terrell | Investigation Number: 772075-20-0088 | Report Number: 3 |
|---|---|---|

## SUMMARY OF EVENT:

Purchase of drugs from Terrell DISMUMKES: On May 27th, 2020, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Confidential Informant (CI) 28275 met with Terrell DISMUKES and purchased 1.7 grams of heroin during an ATF undercover buy.

## NARRATIVE:

1. On May 27th, 2020, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Confidential Informant (CI) 28275 met with Terrell DISMUKES and purchased 1.7 grams of heroin during an ATF undercover buy for $120.00. The purchase of the aforementioned drugs occurred at 920 S. Mayflower Rd (Super Clean Car Wash), South Bend, Indiana.

2. On May 27th, 2020 at approximately 18:30 hours, S/A Kyle Lerch monitored a recorded phone conversation between CI-28275 (herein referred to as CI) and DISMUKES. It should be noted DISMUKES was communicating with the CI via cellular phone number 574-404-0370.

3. During the above mentioned monitored communication, the CI called DISMUKES and the two greeted each other. The CI asked DISMUKES if it was a good time for the CI to "come through" and DISMUKES told the CI to head toward DISMUKES. DISMUKES told the CI that he was "down yonder". The CI later advised "down yonder" is code for the 1001 S. Mayflower Rd Lot #85, the trailer that DISMUKES deals from.

4. At approximately 18:45 hours, investigators conducted a pre-buy search of the CI with negative results. Micro audio and video recorders along with a transmitter was placed on the CI's person. S/A Lerch provided the CI with one hundred and fifty ($120.00) dollars in US Currency to 1 gram of heroin from DISMUKES. S/A UC ███████, utilizing an ATF UC vehicle, drove the CI from the pre-buy location to the meet location, which was later determined to be 920 S. Mayflower Rd (Super Clean Car Wash). It should be noted while the CI was with S/A UC ███████ another phone call was made to DISMUKES at approximately 19:15 hours and DISMUKES requested the CI come wait 15 minutes before showing up to the meet location.

5. At approximately 19:30 hours, S/A UC ███████ arrived at 920 S. Mayflower Rd with the CI.

| Prepared by: Kyle L. Lerch | Title: Special Agent, Fort Wayne Field Office | Signature: | Date: |
|---|---|---|---|
| Authorized by: Scott D. McCart | Title: Resident Agent in Charge, Fort Wayne Field Office | Signature: | Date: |
| Second level reviewer (optional): Kristen E. DeTineo | Title: Special Agent in Charge, Chicago Field Division | Signature: | Date: |

Page 1 of 2

ATF EF 3120.2 (10-2004)
For Official Use Only

| Title of Investigation: DISMUKES, Terrell | Investigation Number: 772075-20-0088 | Report Number: 2 |
|---|---|---|

inside the residence.

4. Once the residence was secured by law enforcement, officers assigned to pre-operational surveillance observed DISMUKES in a silver Buick driving speedily out of the Countryside Village trailer park, away from the target location. Shortly thereafter, officers conducted a traffic stop of DISMUKES without incident. Officers explained to DISMUKES that they observed him commit numerous traffic violations, and that a Federal search warrant was being executed at his residence. Officers then transported DISMUKES to the ATF Task Force office in South Bend and conducted an interview. Details of their interview with DISMUKES is documented in a separate Report of Investigation (ROI).

5. Prior to searching the residence, SD Jonathan Gray memorialized the residence by way of video recording. The following items were seized by ATF pursuant to the aforementioned search warrant. SD Gray photographed the seized evidence. The seized items were documented by SA Johnson and later, an inventory of the items, were provided to DISMUKES by SA Lerch at 1001 S. Mayflower #85, South Bend, Indiana.

   a. Inventory Item #1- TFO Scott located a small plastic baggie containing approximately 3.6 grams of green and white square tablets in the South bedroom in a night stand;

   b. Inventory Item #2- TFO Scott located two loaded magazines in the South bedroom near the night stand in the insulated wall (visible alcove);

   c. Inventory Items #3- SA Kaiser located an LG Model LMX420MM cellular device in the kitchen on the countertop next to the sink;

   d. Inventory Item #4- SA Lessner located one (1) round of .45 caliber ammunition in a garbage can in the North bedroom;

   e. Inventory Item #5- TFO Scott located a black plastic bag containing numerous rounds of .22 caliber ammunition in the South bedroom on the floor next to the night stand;

   f. Inventory Item #6 – TFO Laureys located a Taurus, model 85, .38 caliber revolver bearing serial number JW52293 in the South bedroom closet;

   g. Inventory Item #7 – TFO Laureys located three (3) black scales, two (2) pill bottles, and an empty glass jar in the South bedroom closet;

   h. Inventory Item #8 – TFO Laureys located approximately (100) rounds of assorted ammunition in the South bedroom closet;

   i. Inventory Item #9 – TFO Laureys located a loaded Springfield Armory Saint rifle bearing serial number BT171335; a rifle case, and a box of .223 caliber ammunition in the South bedroom closet;

   j. Inventory Item #10 – TFO Scott located a loaded high capacity magazine in the South bedroom night stand, bottom drawer;

   k. Inventory Item #11 – TFO Scott located a Taurus gun box bearing serial number THM78220, containing hostler and miscellaneous documents, in the South bedroom night stand, bottom drawer;

ATF EF 3120.2 (10-2004)
For Official Use Only

| Title of Investigation:<br>DISMUKES, Terrell | Investigation Number:<br>772075-20-0088 | Report Number:<br>2 |
|---|---|---|

l.  Inventory Item #12 – SA Kaiser located two scales, each containing white residue, and one glass pipe containing white residue; in the kitchen drawer and countertop to the right of the sink;

m.  Inventory Item #13 – SA Kaiser located two (2) knotted plastic baggies containing white powdery substance, four (4) pills in blue clear baggie, and one white pill, in the kitchen on the countertop, to the right of the sink in a cookie tin;

n.  Inventory Item #14 – TFO Bennett located one clear plastic baggie containing brown powdery substance in the living room on the coffee table;

o.  Inventory Item #15 – TFO Bennett located one clear plastic baggie containing blue/ green and pink pills in the living room on the coffee table;

p.  Inventory Item #16 – TFO Bennett located one Taurus PT111 Millennium G2, 9mm semi-automatic pistol bearing serial number TIX51795 with a loaded magazine (one round chambered) in the living room on the coffee table;

q.  Inventory Item #17 – SD Grzegorek located a black LG smartphone with silver case in DISMUKES's vehicle underneath the driver's seat;

r.  Inventory Item #18 – SD Grzegorek located eighteen (18) rounds of assorted ammunition in DISMUKES's vehicle (trunk);

s.  Inventory Item #19 – TFO Laureys located (50) rounds of .22 caliber ammunition in the South bedroom closet on the floor;

t.  Inventory Item #20 – TFO Laureys located multiple knotted plastic baggies containing light brown powdery substance, red pills, purple wafers, green pills and blue pills, in the South bedroom closet dresser;

u.  Inventory Item #21 – TFO Scott located two (2) knotted plastic baggies containing suspected narcotics in the safe in the South bedroom;

v.  Inventory Item #22 – TFO Scott located a micro SD memory card in the safe in the South bedroom;

w.  Inventory Item #23 – TFO Bennett located a grey iPad on the living room couch;

x.  Inventory Item #24 – SA Skender located a Don Julio bottle containing US Currency (amounting to approximately $1,439) in the South bedroom closet;

y.  Inventory Item #25 – SD Grzegorek located loose/ miscellaneous US Currency (amounting to approximately $601) in the North bedroom hamper, in the pockets of jeans;

z.  Inventory Item #26 – SD Grzegorek located indicia of residence for DISMUKES (inmate card from Illinois Department of Corrections) on the kitchen countertop to the right of the sink;

ATF EF 3120.2 (10-2004)<br>For Official Use Only

US V. TERRELL DISMUKES - 026

*Page 4 of fabricating*

**U.S. Department of Justice**
Drug Enforcement Administration

| REPORT OF INVESTIGATION | 1. File No. 15-20-0107 | 2. G-DEP Identifier ▉▉▉ |
| *(Continuation)* | 3. File Title DISMUKE, Terrell | |

| 4. Page 6 of 6 | 6. Date Prepared 06-04-2020 |
| 5. Program Code | |

- Exhibit #5: tan powder substance weighing approximately 72 grams
- Exhibit #6: tan powder substance weighing approximately 76 grams
- Exhibit #7: tan powder substance weighing approximately 70 grams
- Exhibit #8: multicolored pills weighing approximately 44 grams
- Exhibit #9: white round pill weighing approximately 38 grams
- Exhibit #10: numerous pills weighing approximately 44 grams
- Exhibit #11: numerous square shaped pills weighing approximately 42 grams
- Exhibit #12: numerous green pills weighing approximately 58 grams
- Exhibit #13: yellow and white pills weighing approximately 40 grams
- Exhibit #14: blue powdery substance weighing approximately 30 grams

6. On 06-05-2020 TFO Joseph Focosi processed the exhibit's within the SSEE as witnessed by SA Kyle Lerch ATF, and later sent it to the North Central Laboratory for analysis and safekeeping via FedEx.

7. On June 9th, 2020, DISMUKES appeared for his initial appearance for his complaint in the Northern District of Indiana, South Bend Division before the honorable Magistrate Judge Michael Gotsch and was detained pending his detention/preliminary hearing.

8. Copies of the federal search warrant and ATF reports regarding the search warrant are placed in this file.

**INDEXING**

DISMUKES, Terrell - ▉▉▉▉▉▉▉ B/M, DOB:09/23/1988, Address: 1001 South Mayflower Road Trailer 85, South Bend, Indiana 46619, SSN# 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, Height: 5'7", Weight: 180, Eyes: brown, Hair: black.

| DEA Form - 6a (Jul. 1996) | **DEA SENSITIVE** Drug Enforcement Administration |

This report is the property of the Drug Enforcement Administration. Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

**U.S. Department of Justice**
Drug Enforcement Administration

| | | 1. File No. | 2. G-DEP Identifier |
|---|---|---|---|
| **REPORT OF INVESTIGATION** | | I5-20-0107 | |
| *(Continuation)* | | 3. File Title | |
| | | DISMUKE, Terrell | |
| 4. | | | |
| Page  5  of  6 | | | |
| 5. Program Code | | 6. Date Prepared | |
| | | 06-04-2020 | |

IN, which was being used by DISMUKES for the purposes of distributing large amounts of fentynal and MDMA in South Bend, IN.

2. On June 4th, 2020, at approximately 6:00 am, the ATF office (Fort Wayne) executed the Federal Search Warrant located at 1001 Mayflower Road #85 South Bend, IN. The ATF secured the location and all occupants at that time.

3. Once the location was secured, a systematic search of the residence was conducted of the location, and the following items were initially seized by members of the ATF.  Regarding non-drug evidence, ATF Agents/Officers located numerous scales, three firearms, paraphernalia and USC totaling $2042.00 (herein referred to as N-4).  These previous mentioned items were secured and maintained according to ATF policies and procedures except for the USC.

4. On June 4, 2020, SA Todd Fell obtained N-4 from TFO Strabavy to be processed for federal forfeiture.  SA Fell then transported the exhibit to the Porter County Sheriff's Department where he and GS Hartz placed it into evidence storage.  On June 5, 2020, GS Hartz obtained N-4 and transported it to the MRO.  GS Hartz and SA Walker later transported the exhibit to the bank where it was transferred to a cashier's check.  GS Hartz then sealed the check into an SSEE as witnessed by SA Walker.  GS Hartz then dropped the exhibit into High Value overnight storage awaiting transfer into High Value Storage.

5. On 06-05-2020 SA Kyle Lerch of ATF relinquished custody of fourteen (14) drug exhibits that were located and seized during the execution of the search warrant.  The following items were placed in DEA SSEE's, sealed and weighed.  The following are the items received and their weights:

- Exhibit #1: tan powder substance weighing approximately 136 grams (presumptive test positive for the presence of fentanyl
- Exhibit #2: numerous blue pills weighing approximately 136 grams (presumptive test positive for the presence of methamphetamine, MDMA)
- Exhibit #3: numerous purple pills weighing approximately 194 grams (presumptive test positive for the presence of methamphetamine, MDMA)
- Exhibit #4: tan powder substance weighing approximately 66 grams

---

DEA Form    - 6a
(Jul. 1996)

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

11.  Between May 18 – June 1, 2020, agents monitored while the confidential informant made contact with DISMUKES via phone to 574-404-0370. DISMUKES agreed to sell heroin to the informant. On the day of the transaction, agents conducting surveillance observed DISMUKES exit 1001 S. Mayflower Rd, Lot 85, enter the silver Ford and drive to the public meet location with the CI. DISMUKES then sold the CI heroin and the CI provided DISMUKES with prerecorded funds. After the transaction was complete, surveillance observed DISMUKES leave the transaction location in the silver Ford and return to the mobile home, where DISMUKES entered the front door. It should be noted during the controlled purchase, DISMUKES confirmed he had personal firearms, but he wasn't willing to sell them at the time.

12.  I have training and experience conducting field-tests of suspected controlled substances. I field-tested the substance, and received a positive indication for the presence of heroin.

13.  On May 31, 2020, I learned that a victim named Terrell LEE was assaulted by three males at approximately 01:00 on May 31, 2020. South Bend Police responded to 901 S. Mayflower Rd and began speaking with LEE, who advised police he was assaulted by George FOWLER, Shaw (believed to be Rashawn) FOWLER and Terrell DISMUKES.

6

The victim Terrell Lee never mention nothing to be found at that location
and gave the _____ _____ _____ _____ which is _____
errors and my rights are being overlook which is a malicous and negligence
act against me by michael G Gotsch

USDC IN/ND case 3:20-cv-00974-JD-MGG document 10 filed 02/01/21 page 13 of 24

14.    LEE admitted he sells drugs for the three suspects and they
believed LEE was stealing money from them.  LEE stated the three suspects
picked him up from an unknown house on Portage Ave in South Bend,
Indiana and they began hitting him.  LEE stated they drove him to a mobile
home in Country Side Village (1001 S. Mayflower Road, South Bend) and
proceeded to burn him with spoons that they heated on the stove and "pistol
whipped" him in the face with a firearm.

15.    LEE further stated that the trailer he was taken to was white in
color and had a silver Ford Focus and Black Chrysler 300 parked out front.
LEE in his severely injured state, suggested the trailer number was 58 or 53;
however responding officers were not able to locate the suspects.

16.    On June 1, 2020, agents conducted "spot" surveillance at 1001 S.
Mayflower Rd, Lot 85 and observed the silver Ford Focus and a black
Chrysler 200 with license plate 731RPL both parked in front of the trailer.

17.    I conducted a criminal history check of DISMUKES and learned
that he has prior felony convictions for being a felon in possession of a
firearm, resisting law enforcement, and dealing a controlled substance, all in
Cook County, Illinois.

18.    In my training and experience, I have found that it is common for
persons dealing in drugs to keep and maintain books, records, receipts, notes,
or other ledgers in order to keep track of drugs sold to others.  These ledgers

7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **INDICTMENT** |
| | ) | (Three Counts) |
| | ) | |
| v. | ) | Case No. 3:20-cr- __46__ |
| | ) | |
| | ) | 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A) |
| TERRELL DISMUKES | ) | 21 U.S.C. § 841(a)(1) |

**THE GRAND JURY CHARGES:**

**COUNT 1**

On or about June 4, 2020, in the Northern District of Indiana,

**TERRELL DISMUKES,**

defendant herein, knowing he had previously been convicted of a crime

punishable by imprisonment for a term exceeding one year, knowingly

possessed one or more firearms, and the firearms were in and affecting

commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

The probable cause affidavit was drop everything with the (C.I) and Terrell Lee
3:20-MJ-52-MGG and I was indict on case 3:20-cr-46 that have no probable cause
by Joel Gabridse Asistant United Attorney. These are common sense errors and
my rights was overlook which is malicous and negligence act against me
look at the whole indictment

USDC IN/ND case 3:20-cr-00046-JD-MGG   document 9   filed 06/10/20   page 2 of 5

## THE GRAND JURY FURTHER CHARGES:

### COUNT 2

On or about June 4, 2020, in the Northern District of Indiana,

### TERRELL DISMUKES,

defendant herein, knowingly and intentionally possessed with the intent to distribute a mixture or substance containing more than 40 grams of a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

USDC IN/ND case 3:20-cr-00046-JD-MGG   document 9   filed 06/10/20   page 3 of 5

THE GRAND JURY FURTHER CHARGES:

## COUNT 3

On or about June 4, 2020, in the Northern District of Indiana,

**TERRELL DISMUKES,**

defendant herein, knowingly possessed a firearm, a Taurus 9mm pistol,

during and in relation to a drug trafficking crime, specifically possession with

intent to distribute a mixture or substance containing a detectable amount of

N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), as

alleged in Count 2 above, of which he may be prosecuted in a court of the

United States.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

USDC IN/ND case 3:20-cr-00046-JD-MGG   document 9   filed 06/10/20   page 4 of 5

## FORFEITURE ALLEGATION

The allegations contained in Counts 1-3 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853.

Upon conviction of any of the offenses in Counts 1-3 of this Indictment, defendant **TERRELL DISMUKES** shall forfeit to the United States pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853 any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, and any firearms and ammunition involved in the commission or facilitation of the offense(s), including but not limited to:

    a. $2,000.00 in United States currency;

    b. Springfield Armory .223 AR-15, S/N: BT171335;

    c. Taurus 9mm pistol, S/N: TIX51795; and

    d. Taurus .38 special revolver, S/N: JW52293

Dated: June 10, 2020

A TRUE BILL:

*s/ Grand Jury Foreperson*

_____

Grand Jury Foreperson

APPROVED BY:

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY

*s/ Joel Gabrielse*

By:   _____

Joel Gabrielse
Assistant United States Attorney

5

SDC IN/ND Case: 3:21-cv-51   As of: 01/22/2021 09:21 AM EST   1 of 2

CASREF,SA–DR

## U.S. District Court Northern District of Indiana [LIVE]
## USDC Northern Indiana (South Bend)
## CIVIL DOCKET FOR CASE #: 3:21–cv–00051–DRL–MGG

Dismukes v. Sanchez et al
Assigned to: Judge Damon R Leichty
Referred to: Magistrate Judge Michael G Gotsch, Sr
related Case: 1:21–cv–00025–HAB–SLC
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 01/19/2021
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

Discovery Deadline:
Dispositive Motion Deadline:
Expert Discovery Deadline:

Settlement Conference:
Final Pretrial Conference:
Trial Date:

**Plaintiff**

**Terrell Dismukes**

represented by **Terrell Dismukes**
323500
St Joseph County Jail
401 W Sample Street
South Bend, IN 46601
PRO SE

V.

**Defendant**

**Simon Sanchez**
*staff*

*This is a conflict of interest Judge Michael G. Gotsch grant the illegal procedures that was used against me I do t want him on my case 3:21-CV-00051*

**Defendant**

**Shalynn Jones**
*staff*

**Defendant**

**Alexander Baker**

**Defendant**

**Paul Johnson**
*staff*

**Defendant**

**Greg Moore**
*staff*

**Defendant**

**Brent Rose**
*staff*

**Defendant**

**Fred Fowler**
*staff*

**Defendant**

**Demond Johnson**
*staff*

**Defendant**

**Aaron Lello**
*staff*

**Defendant**

**Andres Mercado**
*staff*

**Defendant**

**Marquise Myers**
*staff*

**Defendant**

**Noah Stamper**
*staff*

**Defendant**

**Chad Williams**

**Defendant**

**R Olmstead**
*Sgt*

**Defendant**

**Lawson**
*Warden*

**Defendant**

**Hall**
*Dr*

**Defendant**

**Stephenie**
*Np*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/19/2021 | 1 | PRO SE COMPLAINT against Alexander Baker, Fred Fowler, Hall, Demond Johnson, Paul Johnson, Shalynn Jones, Lawson, Aaron Lello, Andres Mercado, Greg Moore, Marquise Myers, R Olmstead, Brent Rose, Simon Sanchez, Noah Stamper, Stephenie, Chad Williams, filed by Terrell Dismukes. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Proposed Summons, # 4 USM−285 Form, # 5 Envelope) (File stamped copy mailed to Terrell Dismukes) (bas) Modified on 1/19/2021 (bas). (Entered: 01/19/2021) |
| 01/19/2021 | 2 | MOTION for Leave to Proceed in forma pauperis (Prisoner Trust Account Ledger attached with exhibits to Complaint) by Plaintiff Terrell Dismukes. (Attachments: # 1 Envelope)(bas) (Entered: 01/19/2021) |
| 01/22/2021 | 3 | ORDER: The clerk is DIRECTED to close case 1:21−cv−25 and open a new case with these filings in the South Bend Division. Signed by Magistrate Judge Susan L Collins on 1/22/2021. (Copy mailed to pro se party)(lhc) (Entered: 01/22/2021) |

appoint his son as his power of attorney because the court does not provide this type of relief. Furthermore, if Dismukes does provide his son with a power of attorney, it will not authorize him to represent him in this case. *See Johnson v. Bank One N.A.*, 90 F. App'x 956, 957 (7th Cir. 2004) ("a power of attorney does not authorize its recipient to practice law" or to represent another individual in federal court).

For these reasons, Dismukes's requests (ECF 7) are DENIED.

SO ORDERED this January 14, 2021.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge

This is a conflict of interest Judge Michael G. Gotsch granted the illegal procedures that was used against me, I do not want him on my case 3:20-CV-00974

2

USDC IN/ND case 3:20-cv-00974-JD-MGG   document 8   filed 01/14/21   page 1 of 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRELL DISMUKES,

    Plaintiff,

    v.                       CAUSE NO. 3:20-CV-974-JD-MGG

KYLE LEARCH,

    Defendant.

### ORDER

Terrell Dismukes, proceeding without the benefit of counsel, filed a letter with the court requesting the appointment of counsel and that his son be appointed as his power of attorney. ECF 7. Regarding his request for counsel, "[t]here is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the court may ask counsel to volunteer to represent indigent parties.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt v. Mote*, 503 F.3d at 654. Since the court has not yet screened Dismukes's amended complaint (ECF 4), as required by 28 U.S.C. § 1915A, "the case [is] still in its infancy, thereby making it impossible at [this] juncture to make any accurate determination regarding [the plaintiff's] abilities or the difficulty of the case." *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010). Furthermore, the court cannot grant Dismukes's request to

of the times they saw DISMUKES there.) DISMUKES admitted that he had seen a firearm inside the residence before.

15. The suspected narcotics mentioned above were field tested by investigators utilizing a "TrueNarc" system and the drug field tested positive for the suspected drugs.

16. I have examined hundreds of firearms over the course of my law enforcement career. To my knowledge, Taurus and Springfield firearms are not manufactured within the state of Indiana, and thus by their presence in Indiana, must have traveled in interstate or foreign commerce.

### Conclusion

Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of an arrest warrant and a complaint charging Terrell DISMUKES with violations of Title 18, United States Code, Sections 922(g)(1) and 924(c), along with a violation of Title 21 Unites States Code, Section 841(a)(1).

Further your affiant sayeth not.

_____
Kyle Lerch, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn before me this 5th day of June 2020.

_____
Honorable Michael G. Gotsch, Sr.
Magistrate Judge

7

Terrell Dismukes #32350
401 W. Sample St
South Bend IN. 46601

MAILED FROM
ST. JOSEPH COUNTY JAIL

MAILED FROM
ST. JOSEPH COUNTY JAIL

3:20-cv-00974

Office of the Clerk
United States District Court
1300 S. Harrison Street
Fort Wayne, IN. 46802

FT Wayne IN 468
FRI 29 JAN 2021

FOREVER
USA

046901203102857

046901203102857